UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DONOVAN E. MONEYMAKER,

Plaintiff,

v.

QUANTUM RESIDENTIAL; AUTUMN O'CONNOR; and SIMON DOE,

Defendants.

Case No. 6:26-cv-01709-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Donovan E. Moneymaker moves for leave to proceed *in forma pauperis* ("IFP") and for a temporary restraining order ("TRO"). ECF Nos. 1-3. For the reasons discussed below, Plaintiff's Motion for TRO is denied, and his application to proceed IFP is held in abeyance.

## I. Plaintiff's Motion for TRO

Plaintiff brings claims against Defendants Quantum Residential, Autumn O'Connor, and Simon Doe, who appear to be the property management company and property managers of the building in which Plaintiff resides. *See* Compl. 2, ECF No. 2. Plaintiff alleges that Defendants violated the Fair Housing Act ("FHA") and Americans with Disabilities Act ("ADA") by refusing to accommodate his disability-related needs and then retaliating against him for his

requests. Pl.'s Mot. TRO ("Mot."), ECF No. 3.[1] Plaintiff seeks a TRO to stop what he alleges is a retaliatory "For Cause Termination" eviction. *Id.* at 1.

In deciding whether to grant a motion for temporary restraining order, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction generally must show that: (1) he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his or her favor; and (4) that an injunction is in the public interest. *Id.* at 20 (rejecting the Ninth Circuit's earlier rule that the mere "possibility" of irreparable harm, as opposed to its likelihood, was sufficient, in some circumstances, to justify a preliminary injunction).

The Supreme Court's decision in *Winter*, however, did not disturb the Ninth Circuit's alternative "serious questions" test. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). Under this test, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132. Thus, a preliminary injunction may be granted "if there is a likelihood of irreparable injury to plaintiff; there are serious questions going to the merits; the balance of hardships tips sharply in favor of the plaintiff; and the injunction is in the public interest." *M.R. v. Dreyfus*, 697 F.3d 706, 725 (9th Cir. 2012).

[1] The document filed as Plaintiff's Complaint contains no allegations apart from identifying information about the parties to this case. ECF No. 2. The Court liberally construes the allegations in Plaintiff's Motion for TRO as Plaintiff's Complaint. *See* ECF No. 3.

Here, Plaintiff's pleadings do not demonstrate either a likelihood of success or "serious questions going to the merits." *All. for the Wild Rockies*, 632 F.3d at 1131-32. To the contrary, Plaintiff fails to state a claim for relief. Plaintiff alleges that he "has a medically documented requirement for email-only communication to prevent severe health triggers." Mot. 3. He alleges that Defendants refused to accommodate him, failed to engage in an interactive process, and instead retaliated against him when he invoked his rights and filed corresponding complaints. *Id.*

Plaintiff provides evidence that on August 6, 2026, Defendant Quantum Residential provided Plaintiff with written notice that "[f]ailure to complete [his] recertification is a violation of the Rental Agreement . . . and may result in the termination of [his] Rental Agreement." Mot. 6. That letter indicates that recertification was "[p]ending items from [Plaintiff]." *Id.* The letter states in bold text: "**If your recertification is not fully completed by 8/17/2026 . . . a For Cause Termination Notice will be issued**." *Id.*

Another letter, dated August 13, 2026, appears to be from Defendant Quantum to Plaintiff, explaining that Defendant had "received a high volume of email communications from [Plaintiff] with various requests and demands." Mot. 8. This letter provides:

> Pest Treatments: We have an obligation to all residents to address any pest concerns. Ceasing pest treatment would pose an undue burden on the property and would pose a risk to the health and safety of other residents. Unfortunately, we cannot agree to stop pest treatments.
>
> Written Communications: To the extent feasible we will attempt to communicate with you by email or other written communications. However, certain legal notices require mailing and/or posting to unit doors. We must comply with legal requirements for serving such notices.
>
> Recertification Requirements: You are required to complete Low Income Housing Tax Credit (LITHC) recertification annually. We cannot waive this program requirement.
>
> You are also welcome to provide any other documentation that you would like us to consider related to your requests for reasonable accommodation. Additionally,

> we are willing to consider any alternative accommodations that may help support your needs.

Mot. 8.

Based on a liberal review of Plaintiff's allegations, Plaintiff's motion for a TRO is denied. Plaintiff fails to allege facts that allow the Court to infer that Defendants discriminated against Plaintiff by refusing to provide a reasonable accommodation for his disability-related needs, or retaliated against him for his requests. To the contrary, these documents indicate that Defendant Quantum agreed to accommodate Plaintiff's need for written or emailed communication and maintained a willingness to consider other alternatives as needed. *See id.* Plaintiff's allegations that this communication and the For Cause Termination amount to discrimination and retaliation are conclusory allegations that are insufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Plaintiff's failure to state a claim for relief means that he is unlikely to succeed on or raise serious questions going to the merits. His motion for TRO is accordingly denied.

**II. Plaintiff's IFP Application**

When a complaint is filed in forma pauperis, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Additionally, "[a] district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i).

A review of the application reveals Plaintiff is unable to afford the costs of litigation. *See* ECF No. 1. However, as discussed above, Plaintiff fails to state a claim for relief, and this case is therefore subject to dismissal. *See* 28 U.S.C. §1915(e)(2). Accordingly, the Court declines ruling on Plaintiff's IFP application at this time and holds it in abeyance for consideration with any amended complaint Plaintiff may file. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623-24 (9th Cir. 1988) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (quotation marks and citations omitted).

**CONCLUSION**

For the reasons discussed above, Plaintiff's Ex Parte Motion for Temporary Restraining Order, ECF No. 3, is DENIED. Plaintiff's Application for leave to Proceed IFP, ECF No. 1, is HELD IN ABEYANCE and will be reconsidered along with any amended complaint. The Clerk of the Court shall not issue process until further order of the Court. Plaintiff's Complaint, ECF No. 2, is DISMISSED without prejudice. Plaintiff has leave to file an amended complaint within 30 days of this order attempting to remedy the deficiencies identified herein. Failure to do so will result in termination of this case.

DATED this 17th day of August 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge