UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DONOVAN E. MONEYMAKER,

Plaintiff,

v.

QUANTUM RESIDENTIAL; AUTUMN O'CONNOR; and SIMON DOE,

Defendants.

Case No. 6:26-cv-01709-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Self-represented Plaintiff Donovan E. Moneymaker filed this action against Defendants Quantum Residential, Autumn O'Connor, and Simon Doe, asserting claims under the Americans with Disabilities Act ("ADA") and the Fair Housing Act ("FHA"). Plaintiff filed an application to proceed *in forma pauperis* ("IFP") alongside his original complaint. ECF Nos. 1, 3. On August 17, 2026, the Court dismissed his complaint for failure to state a claim for relief, while holding Plaintiff's IFP application in abeyance to be reconsidered along with an amended complaint. Order, ECF No. 5. Plaintiff timely filed his First Amended Complaint ("FAC"). ECF No. 7. For the reasons below, the Court grants Plaintiff's IFP application. However, the Court finds that Plaintiff's FAC again fails to state a claim for relief, and this case is dismissed without prejudice.

## BACKGROUND

Plaintiff is a resident of an apartment building in Eugene, Oregon. FAC at 2, ECF No. 7. He has a medically documented disability, including diagnosis of Toxicant-Induced Loss of Tolerance and Post-Traumatic Stress Disorder. *Id*. at 7-8. Plaintiff brings two claims against Defendants, who are the property management company and property managers of the building in which he resides.[1] *Id*. at 3-4. Plaintiff alleges that Defendants violated the FHA and the ADA by refusing to accommodate his disability-related needs and then retaliating against him for his requests. *Id*. Specifically, Plaintiff alleges that he submitted accommodations requests to Defendants regarding chemical treatments at the building and his communication needs, but Defendants ignored the requests and retaliated by requiring Plaintiff to complete Low Income Housing Tax Credit recertification paperwork. *Id*. Plaintiff's FAC includes a copy of his Formal ADA Accommodation Directive and medical treatment plan, as well as information about his current Social Security Benefits. *Id*. at 7-8; ECF No. 7-1. He seeks injunctive relief, a private residence voucher, compensatory damages, and punitive damages. FAC at 6, ECF No. 7.

## DISCUSSION

### I. IFP Application

The Court previously held Plaintiff's IFP application in abeyance pending receipt of his amended complaint. *See* ECF Nos. 1, 5. A review of Plaintiff's IFP application reveals that he is unable to afford the costs of this litigation. The application is granted.

---

[1] The Court only addresses the two causes of action listed in Plaintiff's FAC. However, Plaintiff's FAC includes a section titled "Additional Factual Allegations: Intentional Infliction of Emotional Distress and Endangerment." FAC at 5, ECF No. 7. While he alleges these new facts, Plaintiff does not appear to assert a cause of action for either intentional infliction of emotional distress or endangerment in his complaint. To the extent that Plaintiff intends these factual allegations to give rise to additional legal claims, he must plead those causes of action in an amended complaint.

## II. Mandatory Screening

### A. Standards

Congress established that when a complaint is filed *in forma pauperis*, even if the plaintiff filed a filing fee or portion thereof, "the court shall dismiss the case at any time if the Court determines that" the action is: (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Courts perform a preliminary screening to determine whether complaints brought by self-represented litigants and litigants proceeding *in forma pauperis* raise cognizable claims. *See, e.g.*, *O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008) ("After a prisoner applies for *in forma pauperis* status and lodges a complaint with the district court, the district court screens the complaint and determines whether it contains cognizable claims. If not, the district court must dismiss the complaint."); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting that "section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners"); *Hebrard v. Nofziger*, 90 F.4th 1000, 1007 (9th Cir. 2024) (explaining that § 1915(e) "not only permits but *requires* a district court to dismiss an *in forma pauperis* complaint that fails to state a claim" (citing *Lopez*, 203 F.3d at 1127)).

The Court must construe the pleadings of self-represented litigants liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). All complaints must comply with the pleading requirements of the Federal Rules of Civil Procedure. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

> [w]hile a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of [their] "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level….

*Bell Atlantic Corp.*, 550 U.S. at 555 (citations altered); *see also Johnson v. Lucent Technologies Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) ("Conclusory allegations and unwarranted inferences…are insufficient to defeat a motion to dismiss."). In short, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Johnson*, 653 F.3d at 1010-11 (citing *Ashcroft*, 556 U.S. at 678).

**B. Analysis**

The Court is mindful of Plaintiff's self-represented status, but even a liberal construction of his First Amended Complaint does not save his claims from dismissal. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (noting that "a liberal interpretation of a pro se civil rights complaint may not supply essential elements of the claim that were not initially pled"). Plaintiff brings two claims against Defendants: failure to accommodate and engage in the interactive process, under the FHA and Title III of the ADA; and retaliation, coercion, and interference, under the FHA. FAC at 3-4, ECF No. 7. The Court finds that Plaintiff's FAC fails to state a claim because it contains conclusory allegations and insufficient detail regarding the alleged discriminatory and retaliatory actions taken by Defendants.

1. <u>Failure to Accommodate</u>

The FHA and the ADA share similar standards for plaintiffs seeking relief for failure to make reasonable accommodations. Under the FHA, a plaintiff seeking relief must show that "(1) he suffers from a handicap as defined by the [Fair Housing Amendments Act]; (2) defendants knew or reasonably should have known of the plaintiff's handicap; (3) accommodation of the

handicap 'may be necessary' to afford plaintiff an equal opportunity to use and enjoy the dwelling; and (4) defendants refused to make such accommodation." *Giebeler v. M&B Assocs.*, 343 F.3d 1143, 1147 (9th Cir. 2003). Under Title III of the ADA, a plaintiff "must show that (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). Plaintiff's FAC fails to state a claim under either statute.

Plaintiff's claims under these statutes are conclusory and devoid of factual support. Initially, Plaintiff sufficiently alleges that he is a qualifying individual with a medically documented disability, and he submitted medical documentation to the Court. FAC at 2, 7-8, ECF No. 7. However, in his FAC, like in his original complaint, Plaintiff's allegations that Defendants failed to make reasonable accommodations are either insufficient or contradicted by his own statements and filed documents. For example, Plaintiff asserts that Defendants "deliberately ignored [his] medical directives." *Id.* at 3. He alleges that "Defendants explicitly refused to honor the medically necessary email-only communication requirement" by continuing to mail documents or post notices to his door. *Id.* But Plaintiff's medical directive instructs that all communication must be "[w]ritten [c]ommunication [o]nly," not that all communication must necessarily be conducted via email. *Id.* at 7. As the Court previously noted, based on documentation provided by Plaintiff, Defendant Quantum Residential agreed to accommodate Plaintiff's written communication needs. *See* Order at 3, ECF No. 5.

Plaintiff also alleges that Defendants "refus[ed] to provide Plaintiff's medically necessary…chemical application notices." FAC at 3, ECF No. 7. But Plaintiff only alleges facts

that demonstrate Defendants declined to stop pesticide treatments wholesale across the property, not that Defendants refused to provide notice of chemical treatments. According to his complaint, Plaintiff submitted a formal request for "a chemical-free living space requiring a 48-hour advance digital notice for any pest treatments." *Id.* at 2. He asserts that Defendants "refused the chemical notice protocol" in an August 13, 2026, letter. *Id.* at 3. But in that letter, which Plaintiff submitted to the Court alongside his original complaint and request for a temporary restraining order, Defendants only denied Plaintiff's request to stop pest treatments on the entire property. Compl.[2] at 8, ECF No. 3; *see also* Order at 3-4, ECF No. 5 (quoting content of August 13, 2026, letter). Defendants did not refuse to give Plaintiff notice of pest treatments. Plaintiff's FAC does not include any other facts to support his allegation that Defendants refused to provide chemical application notice.

While Plaintiff alleges that Defendants' actions "demonstrate a willful refusal to engage in the interactive process," this statement is conclusory and without factual support. It is also contradicted by documentation provided by Plaintiff, which indicates that Defendants were "willing to consider any alternative accommodations that may help support [his] needs." Compl. at 8, ECF No. 3; *see also* Order at 3-4, ECF No. 5 (quoting content of August 13, 2026, letter). Plaintiff provides no additional information that would support his allegations that Defendants ignored his medical directives in violation of the FHA or ADA.

2. <u>Retaliation</u>

Under the FHA, individuals may not "coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed. . . any

[2] The Court liberally construed Plaintiff's Motion for Temporary Restraining Order as Plaintiff's original complaint, as the document Plaintiff originally filed as a complaint included no allegations. *See* Order at 2 n.1, ECF No. 5.

right granted or protected by section. . . 3604." 42 U.S.C. § 3617. To state a claim for retaliation under the FHA, a plaintiff must show that "(1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." *Walker v. City of Lakewood*, 272 F.3d 1114, 1128 (9th Cir. 2001).

As in his original complaint, Plaintiff continues to allege in his FAC that Defendants "weaponized the Low Income Housing Tax Credit (LIHTC) annual recertification process" against him. FAC at 3, ECF No. 7. But based on the facts alleged and the documentation provided by Plaintiff, Defendants provided Plaintiff notice to recertify and requested Plaintiff to submit the items required for the recertification. *See* Order at 3, ECF No. 5. Plaintiff gives no additional information that would support his conclusory assertion that Defendants "weaponized" an annual, legally required recertification process against him, or any facts to support the claim that the process constitutes an adverse action. Plaintiff's bare allegations that the recertification process amounts to retaliation are insufficient to state a claim for relief.

Plaintiff's FAC includes new allegations that Defendants have continued to engage in retaliatory acts by "demanding physical, wet-ink signatures on revised recertification forms." FAC at 3, ECF No. 7. Again, this allegation is conclusory, accusing Defendants of retaliation without any indication that the physical signature requirement is an adverse action or causally connected to Plaintiff's accommodations request. *See Dubois v. Ass'n of Apartment Owners*, 453 F.3d 1175, 1180 (9th Cir. 2006) (explaining that plaintiffs making a retaliation claim under the FHA must show "a causal link" between the protected activity and the adverse action).

### C. Leave to Amend

"Unless it is absolutely clear that no amendment can cure the defect,…a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (alteration in original) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam)). Plaintiff has been given leave to amend once, and his amended complaint failed to cure the deficiencies of his first complaint. Out of an abundance of caution and because of Plaintiff's self-represented status, the Court grants Plaintiff leave to file a second amended complaint.

The Court notes that Plaintiff's FAC, at times, includes less information than his original complaint listed. *Compare* Compl. at 3, ECF No. 3 (describing that Defendant Simon Doe "intentionally withheld the correct, active compliance forms" by "knowingly provid[ing] obsolete 2025 forms"), *with* FAC at 4, ECF No. 7 (referencing vaguely "the refusal to supply digital compliance documents" as a retaliatory action). An amended complaint completely replaces all previous complaints. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (describing "the well-established doctrine that an amended pleading supersedes the original pleading"). As such, Plaintiff must include in his second amended complaint all the relevant facts alleged and all claims he wishes to present to the Court. Failure to cure the deficiencies discussed above will result in dismissal with prejudice.

## CONCLUSION

For the reasons above, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff's First Amended Complaint (ECF No. 7) is DISMISSED with leave to amend. Plaintiff has leave to file an amended complaint within 30 days of this order attempting

to remedy the deficiencies identified herein. Failure to do so will result in termination of this case. The Clerk of the Court shall not issue process until further order of the Court.

DATED this 5th day of November 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge